### LUCAS v. LUNDIN.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

SALES ⊂⊃359(1)—ACTION FOR BALANCE—COUNTERCLAIM—SUFFICIENCY OF EVIDENCE.

In an action for the balance due upon a sale of a rooming house and all the furniture therein, a finding that the counterclaim for failure to deliver to defendant all the goods bought had not been sustained *held* against the weight of the evidence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056, 1057; Dec. Dig. ⊂⊃359(1).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by John H. Lucas against Gerda Lundin with counterclaim by defendant. From a judgment of the Municipal Court, rendered in favor of the plaintiff, defendant appeals. Modified and affirmed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank Carlson, of New York City, for appellant.

Samuel L. Sargent, of New York City (Avel B. Silverman, of New York City, of counsel), for respondent.

PER CURIAM. The plaintiff's assignor herein by a bill of sale conveyed to the defendant the "furnished room house and good will of said house, as well as all the furniture now located in the premises known as 231 East Thirty-First street, borough of Manhattan, city of New York." The consideration was $350, of which there was paid $275, and this action was brought to recover the balance of $75. The defendant set up a counterclaim for $100, based upon the allegation that plaintiff had failed to deliver to defendant all the goods which she purchased, and claimed fraud was committed by plaintiff in selling goods which belonged to others.

Upon the trial the bill of sale was introduced, which as above stated conveyed "all" the furniture in said premises, and the undisputed testimony showed that some of the furniture in the house at the time of the sale belonged to tenants and was by them subsequently taken away. The value of this furniture was shown to be at least $25. The plaintiff at first testified that it was about three weeks after the sale before she told the defendant that some of the furniture belonged to the tenants, but upon examination by the court she stated without objection that at the time of the sale she took the defendant through the house and pointed out to her the furniture belonging to the tenants. This was positively denied by the defendant, and in view of the recital in the bill of sale that "all" of the furniture was conveyed to defendant we think the finding by the court that the counterclaim was not sustained is against the weight of evidence.

The judgment is modified, by reducing the amount of the recovery to the sum of $50 and proper costs in the court below, and, as modified affirmed, without costs of this appeal.